1 MCGREGOR W. SCOTT
United States Attorney
2 AMY S. HITCHCOCK
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00100-JAM |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |
| v. | |
| SCOTT STEPHEN HOWARD, | |
| Defendant. | |

## I. **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and defendant Scott Stephen Howard ("defendant"), by and through his counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses and third parties.

2. On May 24, 2018, the Grand Jury returned an indictment charging defendant with one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252. ECF 1. Defendant is currently out of custody pending trial. ECF 7.

3. As part of its investigation and research, defense counsel has requested to inspect and potentially copy materials relating to another criminal matter, *United States v. Matuck*, 2:07-CR-142-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER       1

LKK (hereinafter, the "Matuck Case.") These materials may be relevant as mitigation evidence. Some of the materials may exceed the scope of the government's discovery obligations and will be made available to promote a prompt and just resolution or trial of the case.

4. The government intends to make available or produce to the Defense Team, as defined below, materials containing personal identifying information (PII) and other confidential information of real persons, including, among other things, personal names, addresses, Social Security numbers, as well as personal and sensitive information. These real persons are victims, witnesses, or third parties in the Matuck case.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the confidential information of others. If this information is disclosed without protective measures, it will risk the privacy, security, and dignity of the people to whom the information relates. The government has ongoing statutory and ethical obligations to protect these individuals.

6. Accordingly, the parties jointly request a Protective Order that will permit the government to make available discovery that is unredacted, but preserves the privacy, security, and dignity of victims, witness, and third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy, security and dignity of victims and third parties, while permitting the Defense Team to investigate and understand potential mitigation evidence.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.    PROPOSED PROTECTIVE ORDER

### A.    Protected Materials

8. This Order pertains to all discovery provided or made available to defense counsel relating to the Matuck case (hereafter, collectively "Protected Materials").

9. To the extent that notes are made that memorialize, in whole or in part, the information in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the

Protective Order and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

10. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

11. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) licensed defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

12. Defense Counsel must provide copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team, unless they have already signed confidentiality agreements as a requirement of their employment with the Federal Public Defenders' Office. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

### C. Review of Protected Materials

13. The government will make available materials from the Matuck case for review and inspection by Defense Counsel. After review, Defense Counsel may identify certain materials it desires to copy. The government will then have the opportunity to object to such copying, meet and confer regarding redaction or other protective measures prior to copying, or copy and produce the materials as requested.

### D. Disclosure of Protected Materials

14. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant himself.

15. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case.

All Protected Materials shall be used solely for the purpose of conducting and prepare for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

16. The Defense Team may review Protected Materials with a witness or potential witness in this case. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the requirements of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

17. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

18. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

### E. **Ensuring Security of Protected Materials**

19. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

20. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected and encrypted storage medium or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

21. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-

SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### F. Filings

22. In the event that a party needs to file Protected Materials, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose confidential or sensitive information derived from the Protected Materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

### G. Conclusion of Prosecution

23. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

24. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, or, if Defense Counsel seeks to maintain the Protected Materials in the Defense Team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

25. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that *all* PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 21. If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and

complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

### H. Termination or Substitution of Counsel

26. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Section G above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution Modification of Order.

27. Nothing in this Order shall prevent any party from seeking modification to Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any part from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

28. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.

### J. Application of Laws

29. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

30. Nothing in this Order shall be construed to affect the application of and the parties compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: December 3, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ AMY S. HITCHCOCK
AMY S. HITCHCOCK
Assistant United States Attorney

Dated:  December 3, 2019                    /s/ LEXI NEGIN
                                            LEXI NEGIN
                                            Counsel for Defendant
                                            SCOTT STEPHEN HOWARD

## [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 4th day of December, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE