HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI P. NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Fax 916-498-5710

Attorney for Defendant
SCOTT HOWARD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT HOWARD,<br><br>Defendant. | Case No. 2:18-cr-100 JAM<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>DATE:  August 25, 2020<br>TIME   9:30 a.m.<br>JUDGE:  Hon. John A. Mendez |
|---|---|

IT IS HEREBY STIPULATED by and between McGregor W. Scott, United States Attorney through Amy Schuller Hitchcock, Assistant United States Attorney, attorney for Plaintiff, and Heather Williams, Federal Defender, through Assistant Federal Defender Lexi P. Negin, Attorneys for Scott Howard, that the status hearing scheduled for August 25, 2020, be continued to October 20, 2020 at 9:30 a.m., and that the Court exclude time pursuant to the Speedy Trial Act.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue criminal matters.

This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.

Also, On July 15, 2020, the Court on its own motion moved the status conference from August 11, 2020 to August 25, 2020 (Doc 54).

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

Counsel for defendant desires additional time to prepare the case with Mr. Howard, including mitigation records relating to his mental health as well as to advise him regarding a

potential resolution of the charges. Mr. Howard continues to be on strict Adam Walsh Act pretrial conditions that do not allow for internet access in his home. Thus, Mr. Howard has no secure environment or devices to be able to effectively appear in this court virtually.

Given the global pandemic in combination with Mr. Howard's restricted access to the internet or devices that connect to the internet, counsel needs more time to effectively consult with him.

Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the difficulties that the COVID-19 pandemic creates for effective client preparation and consultation.

The government does not object to the continuance.

In addition, because of the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be excluded from August 11, 2020 through and including October 20, 2020, pursuant to 18 U.S.C. §3161 (h)(7)(A)and (B)(iv) [reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

DATED: August 6, 2020                                    Respectfully submitted,

                                                         HEATHER E. WILLIAMS
                                                         Federal Defender

                                                         */s/ Lexi P. Negin*
                                                         LEXI P. NEGIN
                                                         Assistant Federal Defender
                                                         Attorney for Scott Howard

DATED: August 6, 2020          MCGREGOR W. SCOTT
United States Attorney

*/s/ Amy Schuller Hitchcock*
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
Attorney for Plaintiff

## ORDER

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from August 11, 2020, up to and including October 20, 2020, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) [reasonable time for counsel to prepare] and General Order 479, (Local Code T4). **It is further ordered** the August 25, 2020 status conference is vacated and shall be continued until October 20, 2020, at 9:30 a.m.

Dated: August 7, 2020          /s/ John A. Mendez_____
Hon. John A. Mendez
United States District Court Judge