HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI P. NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Fax 916-498-5710

Attorney for Defendant
SCOTT HOWARD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT HOWARD,<br><br>Defendant. | Case No. 2:18-cr-100 JAM<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>DATE:   December 15, 2020<br>TIME    9:30 a.m.<br>JUDGE:  Hon. John A. Mendez |

    IT IS HEREBY STIPULATED by and between McGregor W. Scott, United States Attorney through Amy Schuller Hitchcock, Assistant United States Attorney, attorney for Plaintiff, and Heather Williams, Federal Defender, through Assistant Federal Defender Lexi P. Negin, Attorneys for Scott Howard, that the status hearing scheduled for December 15, 2020, be continued to March 23, 2021 and that the Court exclude time pursuant to the Speedy Trial Act.

    On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue criminal matters.

    This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

    Although the General Orders and declarations of emergency address the district-wide

health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

Defense counsel continues to investigate and develop critical mitigation but is hampered by the COVID-19 pandemic logistics and restrictions.

Defense counsel desires additional time to conduct this investigation, discuss potential resolution with the government, confer with her client, and otherwise prepare for trial. Defense

2

Stipulation and Order to Continue Status
Conference

*United States v. Howard*, 2:18-cr-100-JAM

preparation has been significantly affected by the public health concerns and public safety measures instituted related to COVID-19, as noted in General Orders 611, 612, 617 and 618, and judicial declarations of emergency. These public health concerns and the challenges presented by the evolving COVID-19 pandemic have affected defense counsel's ability to conduct investigation and confer with her client. This is particularly so due to public safety measures instituted, such as stay-at-home orders, travel restrictions, and closures, and the pretrial conditions that prohibit defendant's access to the internet. Nevertheless, defense counsel continues to diligently prepare for trial and confer with the government regarding resolution.

Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the difficulties that the COVID-19 pandemic creates for effective client preparation and consultation.  In addition, given Mr. Howard's mental health and internet restrictions, counsel believes that at this time it would be best for him to personally appear in court at such time it is safe to do so.  There is no urgency required in Mr. Howard's case and he is not prejudiced in any way by the delay.

The government does not object to the continuance.

In addition, because of the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be excluded from December 15, 2020 through and including March 23, 2021,  pursuant to 18 U.S.C. §3161 (h)(7)(A)and (B)(iv) [reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

(Remainder of page intentionally left blank. Signatures to follow.)

| | | |
|---|---|---|
| 1 | DATED: December 11, 2020 | Respectfully submitted, |
| 2 | | HEATHER E. WILLIAMS |
| 3 | | Federal Defender |
| 4 | | */s/ Lexi P. Negin* |
| | | LEXI P. NEGIN |
| 5 | | Assistant Federal Defender |
| 6 | | Attorney for Scott Howard |
| 7 | | |
| 8 | DATED: December 11, 2020 | MCGREGOR W. SCOTT |
| 9 | | United States Attorney |
| 10 | | */s/ Shea Kenny* |
| | | SHEA KENNY |
| 11 | | Assistant United States Attorney |
| | | Attorney for Plaintiff |

## **ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from December 15, 2020, up to and including March 23, 2021, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) [reasonable time for counsel to prepare] and General Order 479, (Local Code T4). **It is further ordered** the December 15, 2020 status conference is vacated and shall be continued until March 23, 2021, at 9:30 a.m.

DATED:  December 11, 2020          /s/ John A. Mendez
                                                                  THE HONORABLE JOHN A. MENDEZ
                                                                  UNITED STATES DISTRICT COURT JUDGE