PHILLIP A. TALBERT
Acting United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-cr-0100 JAM |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| SCOTT STEPHEN HOWARD, | COURT: Hon. JOHN A. MENDEZ |
| Defendant. | |

## I. INTRODUCTION

**A.    Scope of Agreement.**

The superseding information in this case charges the defendant with violation of 18 U.S.C. § 2252(a)(4) – Possession of Child Pornography. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.    Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                   1

concerning the criminal activities of defendant, including activities which may not have been charged in the superseding information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to the sole count in the superseding information, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

   1.     Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges

set forth in the information.  The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

### B. Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense.

The defendant further agrees that his conduct is governed by 18 U.S.C. § 2259, which requires the Court to order restitution for certain offenses.  The defendant acknowledges that, pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined by 18 U.S.C. § 2259(b)(3) and (c), and as may be proved by the United States or stipulated to by the parties.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.  Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

### C. Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed.  The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation.  The government retains the right to oppose the waiver of a fine.  If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

### D. Special Assessment.

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the

PLEA AGREEMENT                                                                3

defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court finds that the defendant is non-indigent, the Court shall assess an additional mandatory special assessment of $5,000.  In accordance with 18 U.S.C. § 3014, this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal conviction(s) on which the special assessment is based.  The defendant reserves the right to argue to Probation and at sentencing that he is indigent, and the government retains the right to argue that the defendant is non-indigent.

### E.     Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be

PLEA AGREEMENT                                      4

commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.     Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253 and 21 U.S.C. 853.  Those assets include, but are not limited to, the following:

1. Samsung Cellphone, model: SM-G-900A, IMEI 35469106630095;
2. MPC ClientPRO Desktop Computer, model: D915GX-HYB, S/N: 400 4961 0001; and
3. Toshiba Laptop Computer, S/N: 62042570P.

The defendant agrees that the listed asset(s) constitutes property contains or contained visual depictions produced, transported, mailed, or shipped or received in violation 18 U.S.C. § 2252, and/or were used or intended to be used to commit violations of 18 U.S.C. § 2252.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

PLEA AGREEMENT                                    5

transfer, convey, or otherwise dispose of any of his asset(s), including but not limited to, the above-listed asset(s).

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.0 above, above.

### III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation

PLEA AGREEMENT 6

of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Stipulations Affecting Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B.     Acceptance of Responsibility.**

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.     Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.     ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4):

First, the defendant knowingly possessed one or more matters that the defendant knew contained a visual depiction of minors engaged in sexually explicit conduct;

Second, the defendant knew the visual depictions were of minors engaged in sexually explicit conduct;

Third, the defendant knew that production of such visual depictions involved use of minors in sexually explicit conduct; and

Fourth, that each visual depiction had been mailed, shipped, or transported in interstate or foreign commerce by any means including by computer or produced using material that had been

PLEA AGREEMENT                                              7

mailed, shipped, or transported in interstate or foreign commerce by any means including by computer.

The defendant fully understands the nature and elements of the crimes charged in the superseding information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V. MAXIMUM SENTENCE

#### A. Maximum Penalty.

The maximum sentence that the Court can impose is 10 years of incarceration, a fine of $250,000, a lifetime of supervised release and a special assessment of $100 if the Court finds the defendant is indigent, or special assessments in the amounts of $100 and $5,000, for a total of $5,100 if the Court finds the defendant is non-indigent.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

#### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 additional years imprisonment. Certain violations of supervised release by a person required to register as a sex offender can result in revocation and require the defendant to serve not less than 5 additional years of imprisonment.

### VI. SENTENCING DETERMINATION

#### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the

guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)

B. **Stipulations Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: **18** (Pursuant to U.S.S.G. § 2G2.2(a)(1)).
2. Specific Offense Characteristics:
   a. **+2** (Because the material involved a prepubescent minor or a minor who had not yet attained the age of 12 years, pursuant to U.S.S.G. § 2G2.2(b)(2));
   b. **+4** (Because the material included sadistic or masochistic conduct or other depictions of violence, pursuant to U.S.S.G. § 2G2.2(b)(4)(A));
   c. **+2** (Because the offense involved the use of a computer for the possession, transmission, receipt, or distribution of the material, pursuant to U.S.S.G. § 2G2.2(b)(6));
   d. **+5** (Because the offense involved 600 or more images, pursuant to U.S.S.G. § 2G2.2(b)(7)(D)).
3. Victim-related Adjustments: **+2/0**
   a. The government reserves the right to argue for an enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) because the defendant knew or should have known that a victim of the offense was a vulnerable victim.  The defendant reserves the right to oppose application of this enhancement.
4. Adjusted Offense Level: **33/31**
5. Acceptance of Responsibility:  See paragraph III.B above
6. Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based post-plea obstruction of justice (§3C1.1).  Both parties agree not to move for, or argue in support of, any

PLEA AGREEMENT    9

...

departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

### VII.    WAIVERS

#### A.    Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

#### B.    Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section 0 herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code Section 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also

register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  3/15/21

/s/ Lexi P. Negin
LEXI P. NEGIN
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:  3/15/21

/s/ Scott Stephen Howard
SCOTT STEPHEN HOWARD
Defendant

**C.** **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 3/16/2021

PHILLIP A. TALBERT
Acting United States Attorney

SHEA J. KENNY
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea(s)

On April 16, 2016, law enforcement officers executed a search at Scott Stephen HOWARD's residence in Yuba City, California, located in the Eastern District of California. During the search, law enforcement seized HOWARD's Samsung cellphone and SD card. HOWARD identified the phone as his own, and provided law enforcement with the password. A subsequent forensic analysis identified approximately 2,549 photographs and 85 videos depicting minors engaged in sexually explicit conduct saved on HOWARD's SD card.

The child pornographic images and videos saved on HOWARD's SD card included depictions of toddlers, child bondage, torture, extreme sexual contact, and bestiality. The forensic examination showed that HOWARD saved the images on his phone in an application called "HideItPro," which disguised the images from casual view. HOWARD organized the images into 22 descriptively-named folders, such as "hardcore" and "deviants," and folders bearing specific female names.

The images saved on HOWARD's SD card included:

- A color video with sound bearing a descriptive name relating to a "toddler girl" who "gives man blow." The video depicts an adult male's torso and groin area. The male is wearing a white T-shirt and lifts the shirt to expose an erect penis. A partially nude blonde child continually places her mouth over the adult male's penis while the adult male's hand is holding the child's hair and directing her head. The child appears to be a toddler.
- A photograph depicting a nude prepubescent female lying on her back with what appears to be her hands bound above her head with rope. Clothespins are clamped onto the minor's nipples. The minor's legs are spread with an object that appears to be inserted into the anus. The minor's vagina is exposed. A substance appears to be on the minor's stomach and groin area that appears to be pink melted wax.

In an interview following the search of his residence, also on April 16, 2016, HOWARD admitted to possessing child pornography. He acknowledged attempting to delete the child pornographic images from his phone just prior to execution of the search, while law enforcement was interviewing his wife, by deleting the HideItPro application. On February 17, 2017, HOWARD was interviewed again by law enforcement, and again admitted to saving child pornography on his phone. In both interviews, HOWARD further admitted to using the Onion Router ("TOR") browser on his computer(s) to seek and obtain child pornography on the dark web.

*I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct is concerned, I adopt it as my own true statement.*

Dated:    3/15/21                          */s/ Scott Stephen Howard*
                                           SCOTT STEPHEN HOWARD
                                           Defendant

PLEA AGREEMENT                                        A-1