PHILLIP A. TALBERT
Acting United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT STEPHEN HOWARD,<br><br>Defendant. | CASE NO. 2:18-CR-00100 JAM<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>DATE: June 29, 2021<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

### I.    INTRODUCTION

Defendant Scott Stephen Howard ("Defendant" or "Howard") is set for judgment and sentencing on June 29, 2021, after pleading guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).  The United States hereby submits its recommendation that Howard be sentenced to 97 months imprisonment, at the low end of the applicable guidelines range, followed by a 25-year term of supervised release  sentence.

### II.    SENTENCING GUIDELINES

Both parties, as well as the Probation Office, agree that the guideline range of imprisonment in this case is 97 to 120 months imprisonment.  PSR at 3.  This range is based on a total offense level of 30 and a criminal history category I.  The offense level accounts for the defendant having been in possession of over 600 images of child pornography, material that involved a prepubescent minor, material involving the portrayal of sadistic or masochistic conduct or other depictions of violence, and

the fact that the defendant used a computer or interactive computer service.  *See* PSR ¶¶ 22–26.  Further, the offense level reflects a 2-point upward adjustment because the defendant was in possession of material involving an unusually vulnerable victim:  in this case, the defendant possessed material depicting the sexual assault of a toddler.  PSR ¶ 27.  The applicable guidelines range also accounts for the defendant's acceptance of responsibility.  PSR ¶¶ 32–33.  Neither party has objected to the PSR's calculation of the offense level nor the resulting Guidelines range.

The guideline term of supervised release is 5 years to life.  PSR at 26.

### III.  ARGUMENT

Consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) shows that the low-end guideline sentence in this case of 97 months imprisonment appropriately and fairly accounts for the nature and circumstances of the offense and the history and characteristics of the defendant.  Such a sentence is warranted to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes by the defendant.

The basic facts of the defendant's offense conduct are set forth in the PSR.  In 2015, undercover law enforcement observed the defendant accessing a website used to view, post, and distribute child pornography.  PSR ¶¶ 5–7.  During a search of Howard's residence in April 2016, law enforcement officers seized Howard's personal cell phone and SD card.  PSR ¶ 8–9.  The cell phone contained 2,549 photographs and 85 videos of child pornography.  PSR ¶ 9.  Howard's child pornography collection was organized into 22 descriptively named folders, including folders named "hardcore" and "deviants" as well as folders bearing specific victims' names.  PSR ¶ 10.

Howard's collection included images depicting the sadistic, violent sexual abuse of children, including toddlers.  *See* PSR ¶¶ 10–12.  The descriptions of some of the images and videos recovered from Howard's phone are provided in the PSR at paragraphs 10–12.

Howard attempted to hide his collection of child pornography on his phone using an application that disguised the images from casual view.  PSR ¶ 10.  Further, during the execution of the search warrant, Howard initially attempted to delete the child pornography from his phone while law enforcement officers were interviewing his wife.  PSR ¶ 14.  The deleted images and videos were ultimately recovered by law enforcement.  PSR ¶ 14.

During interviews with law enforcement, Howard admitted to seeking and obtaining child pornography on the dark web and then saving it on his phone.  PSR ¶¶ 14–15.  Howard also admitted to having conversations with minor females through messaging applications, and to chatting with minor females in online chat rooms and receiving images of the minor girls' exposed genitals.  PSR ¶¶ 14–15.

The nature and circumstances of the offense, along with the history and characteristics of the defendant, thus support a sentence within the applicable guidelines range.  A guidelines sentence is also necessary to deter Howard, and the general public, from further crimes involving child sexual exploitation.  Howard's collection of child pornography was not only organized and curated, but it contained particularly disturbing images and videos.  Further, he went beyond merely viewing child pornography—he admitted to contacting and chatting with actual minor girls and obtaining images of those girls' genitals.  Thus, a sentence of 97 months, at the low-end of the guidelines range, is necessary also to deter the defendant from committing further offenses and to protect the public.

### IV.   RESTITUTION

The parties have conferred and will request, at the time of sentencing, that the Court set a restitution hearing within 90 days, as authorized by 18 U.S.C. § 3664(d)(5).

### V.   CONCLUSION

For the foregoing reasons, the United States recommends that the Court impose a sentence of 97 months imprisonment, and a 25-year term of supervised release, which is sufficient but not greater than necessary, to meet the considerations set for the in 18 U.S.C. § 3553(a).

Dated:  June 22, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By:  /s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney